IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS J. SORIANO, | ) Doc. No. |
| Plaintiff, | ) COMPLAINT AND ) JURY DEMAND |
| vs. | ) |
| UNION PACIFIC RAILROAD COMPANY | ) |
| Defendant. | ) |

Plaintiff, Thomas J. Soriano ("Soriano") alleges as follows:

1. Soriano is a Nebraska citizen residing at 16217 Parker Street, Omaha, Nebraska. Soriano is a Hispanic male born on June 13, 1953. Soriano suffers from diagnosed diabetes, coronary artery disease and, as such, is qualified as disabled under the Americans with Disability Act.

2. Union Pacific Railroad Company is a Delaware corporation, (hereinafter referred to as "Union Pacific"), doing business in the State of Nebraska. It is headquartered at 1400 Douglas Street; Omaha, NE 68179. Its registered agent in Nebraska is C T Corporation System, 301 South 13th Street, Suite 500, Lincoln, NE 68508.

3. This Court has subject matter jurisdiction of this dispute under 28 U.S.C. § 1331 and § 1343 as it involves a federal question alleging a violation of 42 U.S.C. § 20000e et seq., Title VII of the Civil Rights Act of 1964.

4. Venue is appropriate in the United States District Court for the District of Nebraska under 28 U.S.C. § 1391(a) as a substantial part of the events giving rise to the claims herein occurred within the judicial district of Nebraska.

5. On or about April 1, 1975, Union Pacific hired Soriano. Most recently, Soriano worked as a train dispatcher for Union Pacific since approximately 2001. Soriano at

      all times relevant earned approximately $84,650 annually as a train dispatcher. When his benefits are included, Soriano earned approximately $123,000.

6. Soriano was consistently subjected to racial jokes and comments targeted and directed toward him from his supervisor at Union Pacific.

7. In 2005, Soriano was diagnosed with adult onset diabetes type 2. On or about May 24, 2005, Soriano suffered a heart attack related to a coronary disease. As a result, Soriano had a quintuplet bypass surgery.

8. The diabetes and heart disease were significant limitations against Soriano's daily life and affected his work. In particular, Soriano was restricted in his diet and exercise and limited in ability to lift and exert energy. As such, Soriano had a qualified disability under the Americans with Disabilities Act.

9. At all times relevant Union Pacific was informed of Soriano's qualified disability.

10. On or about April 30, 2007, Soriano's treating physician requested that Union Pacific provide Soriano the reasonable accommodation of working no more than five consecutive days and receive two consecutive days off after five consecutive days of work. Union Pacific, however, rejected this reasonable accommodation request.

11. On or about July 2, 2007, Union Pacific terminated Soriano for violation of procedures. The termination, however, was inconsistent and excessive with the Union Pacific policies for the violated procedure. Moreover, the violation in question could not have occurred had Union Pacific allowed Soriano his reasonable accommodation request.

12. On or about January 11, 2008, Union Pacific rehired Soriano at half-pay.

**FIRST CAUSE OF ACTION**
**AMERICANS WITH DISABILITY ACT**

13. Soriano suffered from the impairments of adult onset diabetes and coronary heart disease.

14. Such impairments substantially limited Soriano's ability to eat, exercise, lift and work and as such were qualified disabilities under the Americans with Disability Act.

15. Union Pacific knew of Soriano's qualified disabilities; and

16. Soriano could have performed the essential functions of the job of train dispatcher at the time that Union Pacific was informed of his qualified disabilities if Soriano had been provided with the requested accommodation of working no more than five consecutive days and receive two consecutive days off after five consecutive days of work.

17. Providing Soriano such requested accommodations would have been reasonable; and

18. Union Pacific failed to provide the requested reasonable accommodations and failed to provide any other reasonable accommodation.

19. On or about July 2, 2007, Soriano suffered an adverse employment action from Union Pacific when he was terminated for performance reasons directly related to the failure to provide him reasonable accommodations for his qualified disabilities.

20. As a direct and proximate result of the adverse employment action conducted by Union Pacific against Soriano, Soriano suffered damages up to and including backpay wages and benefits, frontpay wages and benefits, and consequential damages.

### SECOND CAUSE OF ACTION
### RACE DISCRIMINATION

21. Soriano is a protected individual based upon his race as a Hispanic male.

22. Union Pacific discharged Soriano; and

23. Soriano's race was a motivated factor in Union Pacific's decision.

24. As a direct and proximate result of the adverse employment action conducted by Union Pacific against Soriano, Soriano suffered damages up to and including backpay wages and benefits, frontpay wages and benefits, and consequential damages.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

25. Soriano respectfully requests a trial by jury on all issues so triable.

26. Soriano designates Omaha, Nebraska as place of trial.

DATED this 11th day of January 2010

                              THOMAS J. SORIANO, Plaintiff

            BY:     /s/ W. Craig Howell, #20086
                    W. Craig Howell, #20086
                    Derr and Howell, PC, LLO
                    11205 Wright Circle, Suite 210
                    Omaha, NE 68144
                    (402) 933-0070
                    (402) 933-0707 - Fax
                    wch@derrhowell.com